FILED

2011 APR -4 PM 12: 00

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
OCALA FLORIDA

THE CIRCUIT COURT, IN AND FOR
MARION COUNTY, FLORIDA

DAN BENNETT,
  Plaintiff,

vs.                                    CASE NO. 5:11-CV-176-OC-10GJK

PUBLIX SUPERMARKETS INC.,
  Defendant.

## COMPLAINT

Plaintiff, Dan Bennett, sues Defendant, Publix Supermarkets, Inc. and alleges as follows:

1. This is an action in excess of $15,000.00 (excluding fees and costs) which arises under the Family Medical Leave Act (FMLA), 29 USC §2601 et seq.

2. Plaintiff is an individual and also was an "eligible employee," within the meaning of the FMLA, at all times relevant to this Complaint.

3. Defendant was an "employer," within the meaning of the FMLA, at all times relevant to this Complaint.

4. Defendant was both engaged in commerce, or in an industry or activity affecting commerce, and employed more than 50 employees for each working day during each of 20 or more calendar weeks in each calendar year relevant hereto.

5. At the time of the incidents relevant hereto, Plaintiff was employed by Defendant.

6. Plaintiff worked for the Defendant for approximately 12 years – beginning on or about March, 1998. The last location the Plaintiff worked at has high customer complaints for virtually all persons that work there.

7. On or about March 12, 2010, the Plaintiff received a write up for alleged poor customer service. The punishment for said complaint, as set forth in the counseling statement

provided to the Plaintiff by the Defendant, was a 5 day suspension. Plaintiff fully served that punishment.

8. Plaintiff requested and was granted FMLA leave from approximately April 10, 2010 to May 10, 2010.

9. On or about May 27, 2010, Defendant terminated Plaintiff for the alleged customer service rendered on March 12, 2010.

10. Ms. Jacqueline Lenz is a managing agent of the Defendant.

11. Ms. Jacqueline Lenz, Plaintiff's immediate supervisor, previously testified under oath in Plaintiff's unemployment compensation hearing as follows:

> REFEREE: And on 5-27 of 2010, what reason did you give the claimant for separation?
>
> MS. LENZ: Unacceptable job performance in regards to customer complaints.
>
> REFEREE: ...what was the date of the most recent customer complaint?
>
> MS. LENZ: ...March 12th of 2010.
>
> ...
>
> REFEREE: And that happened on March 12th of 2010. That was the last incident that led to his separation?
>
> MS. LENZ: Yes, sir.
>
> REFEREE: Tell me, why did it take till March 12 of 2010 to May 27th of 2010 to separate him regarding this incident?
>
> MS. LENZ: Mr. Bennett asked to go out on FMLA.

12. Despite the fact that Defendant claims that Plaintiff should have been fired for his work performance of March 12, 2010, Plaintiff worked approximately 2 weeks after he returned from FMLA leave.

13. Additionally, although the alleged infraction occurred in March (something he had already been punished for via suspension), the Plaintiff was not terminated until May.

14. The notion that Plaintiff's work performance of March 12, 2010 was responsible for Plaintiff's termination is untrue.

15. Instead, as demonstrated by the timing between Plaintiff's request for FMLA leave and his termination and by the statements of Ms. Lenz (noted above), Plaintiff's termination was motivated by his request for FMLA leave.

## COUNT I – FMLA RETALIATION

16. Plaintiff reallages paragraphs 1-15 above.

17. The FMLA provides employees protection from retaliation for taking protected leave.

18. The Defendant violated the FMLA by terminating Plaintiff in retaliation for his taking FMLA leave.

19. Plaintiff's termination was in retaliation for his taking FMLA leave, which is made clear by numerous facts including, but not limited to, the fact that the March 12, 2010 alleged incident was considered by the Defendant to be an offense warranting a suspension prior to his FMLA leave – but a terminable offense after his FMLA leave.

20. Moreover, the time frame from the alleged incident and the actual termination – coupled with Plaintiff's immediate supervisor's comments about FMLA leave – demonstrate a casual connection between the protected leave and his termination. In fact, his termination was closer in time to his FMLA leave than it was to the alleged offense that caused his termination.

21. Defendant interfered with and retaliated against Plaintiff and his exercise of rights under the FMLA by terminating him.

**WHEREFORE**, Plaintiff prays for judgment against the Defendant as follows:

a. Statutory damages for lost wages, benefits, and other compensation, plus interest thereon at the statutory rate, pursuant to 29 U.S.C.A. § 2617(a)(1)(A)(i) and 29 U.S.C.A. §§ 2617(a)(1)(A)(ii);

b. Additional liquidated damages in the amount of the above-requested award, pursuant to 29 U.S.C.A. § 2617(a)(1)(A)(iii);

c. Equitable relief in the form of reinstatement or front pay, as the court deems appropriate, pursuant to 29 U.S.C.A. § 2617(a)(1)(B); and

d. Attorney's fees, expert witness fees, and costs of this action, including but not limited to those permitted pursuant to 29 U.S.C.A. § 2617(a)(3), and such other relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

The Plaintiff demands a trial by jury on all issues so triable.

Michael Massey
Florida Bar No. 153680
Massey & Duffy
855 E. University Avenue
Gainesville, FL 32601
(352) 374-0878