UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

DAN BENNETT,

                Plaintiff,

v.                                                                         Case No.  5:11-cv-176-Oc-10TBS

PUBLIX SUPERMARKETS, INC.,

                Defendant.
_____

## ORDER

Pending before the Court is Plaintiff's Motion to Strike Declaration of Harold Skipper.  (Doc. 26).  Defendant has filed a memorandum in opposition to the motion which is now ripe for decision.  (Doc. 28).

On May 14, 2012, Defendant filed its motion for summary judgment.  (Doc. 22).  The next day, the Court issued its Summary Judgment Notice which directed the parties to file any evidentiary material in support of their summary judgment pleadings within twenty-one (21) days from the date of the notice, in other words, no later than June 5, 2012.  (Doc. 23).

In his June 4, 2012 response to the summary judgment motion, Plaintiff states "immediately following Plaintiff's return from his second approved FMLA leave, Haughland was overheard by another employee, Skip Harold, stating that he was 'going to get' Plaintiff."  (Doc. 24, Page 3).  Defendant was obviously aware of this allegation because it had in its possession, the Declaration of Harold Skipper, executed on October 7, 2011, in which he denies having made the statement attributed to him by Plaintiff.  (Doc. 25-1).

On June 6, 2012, which was one day late, Defendant filed Mr. Skipper's declaration in support of its summary judgment motion.  (Id.)  Defendant did not request additional

time to file the declaration and now, Plaintiff contends that it should be stricken because it was filed beyond the 21 day deadline.  In its response, Defendant fails to address the merits of Plaintiff's motion and instead, argues the admissibility of the statement attributed to Mr. Skipper[1] and the details of the negotiations of counsel.  (Doc. 28).

The Skipper Declaration was submitted in reply to an assertion contained in Plaintiff's response to the motion for summary judgment.  Thus, the filing of the declaration was warranted and did not spring any new issue on Plaintiff.  And, while it was a day late, the declaration was filed within 48 hours following Plaintiff's response to the motion.  Once Plaintiff argued the statement allegedly made by Mr. Skipper, Defendant should have a reasonable opportunity to respond.  See, Litton Indus. v. Lehman Bros. Kuhn Loeb Inc., 767 F.Supp. 1220, 1235 (S.D.N.Y. 1991), rev'd on other grounds, 967 F.2d 742 (2nd Cir. 1992) ("Where new evidence is presented in a party's reply brief or affidavit in further support of its summary judgment motion, the district court should permit the nonmoving party to respond to the new matters prior to the disposition of the motion.")

On this record, the Court finds that Defendant should be permitted to file the Declaration of Harold Skipper in support of its motion for summary judgment and therefore, Plaintiff's motion is DENIED.

IT IS SO ORDERED.

DONE AND ORDERED in Ocala, Florida, on June 20, 2012.

THOMAS B. SMITH
United States Magistrate Judge

---

[1] The Court will make all determinations regarding the admissibility of evidence offered in support of or in opposition to summary judgment when it considers the pleadings in due course.

Copies to all Counsel